Charles P. Maher, State Bar No. 124748
Jeffrey L. Fillerup, State Bar No. 120543
Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610

Attorneys for Andrea A. Wirum,
Successor-in-Interest to Charles E. Sims

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RAMIN YEGANEH,<br><br>  Debtor. | District Court Case No. C-08-01399 CW |
| CHARLES E. SIMS, Trustee,<br><br>  Appellee,<br><br>v.<br><br>F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FARIN YEGANEH aka FRAN YEGANEH,<br><br>  Appellant. | Bankruptcy Case No. 05-30047 TEC<br>Chapter 7<br><br>Adversary Proceeding<br>No.  05-3240 TC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS APPEAL OF INTERLOCUTORY ORDER [FRCP 12(b)(1)]**<br><br>Date:    May 8, 2008<br>Time:    2:00 p.m.<br>Place:   1301 Clay Street<br>          Courtroom 2, 4th Floor,<br>          Oakland, CA<br>Court:   Honorable Claudia Wilken |

TO:    F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FARIN YEGANEH aka FRAN YEGANEH

   **PLEASE TAKE NOTICE THAT** on May 8, 2008, at 2:00 p.m., at 1301 Clay Street,

Oakland, California, Courtroom 2, Floor 4, Appellee Andrea A. Wirum, successor-in-interest to

Charles E. Sims, will move this Court for an order dismissing the above appeal commenced by the

1    Appellants on March 6, 2008, on the ground that this Court lacks subject matter jurisdiction

2    because the appeal is an appeal of an interlocutory order and leave has not been granted to the

3    Appellants to bring the appeal.

4         This motion is based on this notice of motion and motion to dismiss appeal, the

5    memorandum in support of motion to dismiss appeal, Federal Rule of Civil Procedure 12(b)(1), 28

6    U.S.C. § 158, Rules 8001(b) and 8003(a) of the Federal Rules of Bankruptcy Procedure, the

7    declaration of Charles P. Maher, and such other argument and evidence as is offered by Appellee

8    in connection with this motion.

9

10   DATED: April ___, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

11

12                              By: _____

13                                 Charles P. Maher,

14                                 Counsel for Andrea A. Wirum, Appellee and
                                  Successor-in-Interest to Charles E. Sims

15   301034985.1

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Charles P. Maher, State Bar No. 124748
      Jeffrey L. Fillerup, State Bar No. 120543
2    Nhung Le, State Bar No. 209552
      LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3    Rincon Center II, 121 Spear Street, Suite 200
      San Francisco, California 94105-1582
4    Telephone No.: 415.356.4600
      Fax No.: 415.356.4610

5

6    Attorneys for Andrea A. Wirum,
      Successor-in-Interest to Charles E. Sims

7

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12   In re RAMIN YEGANEH, | District Court Case No. C-08-01399 CW |
| 13 | |
| 14        Debtor. | |
| 15   CHARLES E. SIMS, Trustee, | Bankruptcy Case No. 05-30047 TEC Chapter 7 |
| 16        Appellee, | |
| 17   v. | Adversary Proceeding No. 05-3240 TC |
| 18   F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FARIN YEGANEH aka FRAN YEGANEH, | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS APPEAL OF INTERLOCUTORY ORDER [FRCP 12(b)(1)]** |
| 19 | |
| 20        Appellant. | |
| 21 | Date:     May 8, 2008 |
| 22 | Time:     2:00 p.m. Place:    1301 Clay Street |
| 23 |            Courtroom 2, 4th Floor,            Oakland, CA |
| 24 | Court:    Honorable Claudia Wilken |

25        Andrea A Wirum, Trustee in Bankruptcy of the estate of the above Debtor and Plaintiff in

26 the above adversary proceeding, as successor-in-interest to Charles E. Sims, respectfully

27 represents.

28

I.    INTRODUCTION

The appellants appeal an interlocutory order of the Bankruptcy Court without having obtained leave of court to do so.  Section 158 of Title 28 provides that the district courts have jurisdiction to hear appeals of final orders and judgments of the bankruptcy courts, but may hear appeals of interlocutory orders only if leave has been granted.  Leave to appeal the order at issue has neither been granted nor requested.

II.   STATEMENT OF PROCEDURAL FACTS

By order dated February 28, 2008, the United States Bankruptcy Court issued an order denying Plaintiff's motion for summary judgment and the Defendants' counter-motion for summary judgment.  An authentic copy of the order is attached as Exhibit A to the Declaration of Charles P. Maher filed with this memorandum.  The February 28 order is a interlocutory order and cannot be appealed without leave of court.  The Federal Rules of Bankruptcy Procedure require an appellant to file a motion for leave to appeal an interlocutory order at the same time the appellant files the notice of appeal.  Fed. R. Bankr. Proc. 8001(b).  In this case, the appellants did not file a motion for leave to file an interlocutory appeal.  Rule 8003(c) of the Federal Rules of Bankruptcy Procedure provides that "the district court … may grant leave to appeal or direct that the appellant file a motion for leave to appeal or deny leave to appeal but treat the notice of appeal as a motion for leave to appeal."

The Bankruptcy Court's February 28, 2008, Order was entered in the above adversary proceeding and in two other adversary proceedings involving substantially the same parties.

Within 10 days of entry of the February 28 order, the Defendants in the above adversary proceeding filed a notice of appeal.   The Defendants in the other two related adversary proceedings simultaneously filed notices of appeal in those adversary proceedings.   Those adversary proceedings on appeal have been designated District Court Case Nos. C-08-01400 MHP and C-08-01401 JSW.  Whether the three appeals should be determined to be related cases under Civil Local Rule 3-12(a) to Case No. C-07-03256 JSW and to C-06-02788 CW is currently under consideration.

1    The Bankruptcy Court has set a trial on this and the two other adversary proceedings for

2 June 3, 2008.   An authentic copy of the Bankruptcy Court's scheduling order is attached as

3 Exhibit B to the Declaration of Charles P. Maher.

4 III.    ARGUMENT

5    It is a matter of black letter law that an appeal of right may be taken from a final order or

6 judgment of the bankruptcy court.  However, appeal of an interlocutory order may be taken only

7 with leave of the court.  Section 158 of Title 28 of the United States Code provides that, in

8 bankruptcy cases,

9         (a)    The district courts of the United States shall have jurisdiction to hear

10                appeals

11                (1)    from final judgments, orders, and decrees;

12                (2)    from interlocutory orders and decrees issued under Section 1121(d)

13                       of Title 11 increasing or reducing the time periods referred to in

14                       Section 1121 of such title; and

15                (3)    with leave of the Court, from other interlocutory orders and decrees

16                       and with leave of the court, from interlocutory orders and decrees, of

17                       bankruptcy judges entered in cases and proceedings referred to the

18                       bankruptcy judges under Section 157 of this title.

19    An order denying a summary judgment motion is an interlocutory order and the District

20 Court does not have jurisdiction to hear an appeal of it, unless the District Court grants leave to

21 appeal.  In the above adversary proceeding, trial has been set for June 3, 2008.

22    Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure ("FRBP") describe the

23 process for obtaining leave to file an interlocutory appeal.  FRBP 8001(b) provides as follows:

24        An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge
          as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as
25        prescribed in subdivision (a) of this rule, accompanied by a motion for leave to
          appeal prepared in accordance with Rule 8003 and with proof of service in
26        accordance with Rule 8008.

27    A notice of appeal of an interlocutory order that is not accompanied by a motion for leave

28 to appeal is an improper appeal.  The appeal by the Defendants in the above adversary proceeding

was not accompanied by a motion for leave to appeal the Bankruptcy Court's February 28 order.

FRBP 8003(c) addresses appeals improperly taken:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order.

The Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit recently dismissed an interlocutory appeal of an order denying summary judgment in *In re Hupp*, _____ B.R. _____, 2008 W.L. 485039 (9th Cir. BAP 2008). A decision of the Bankruptcy Appellate Panel is not binding on the District Court. However, the reasoning set forth in the *Hupp* case is instructive. The BAP found that an order denying a motion for summary judgment and requiring trial of the adversary proceeding was an interlocutory order that required leave of court to appeal pursuant to 28 U.S.C. § 158(a)(3). *Id.*

Tracking the language Rule 8003(a), the BAP set forth the requirements for obtaining leave to appeal as follows: filing a motion that contains a statement of facts necessary to an understanding of the questions to be presented by the appeal, a statement of the questions and the relief sought, a statement of reasons why an interlocutory appeal should be entertained, and copies of the questioned order and any opinion or memorandum relating to it. *Id.*

The BAP further stated that, if the required motion for leave to appeal is not made, FRBP 8003(c) authorizes the reviewing court either to grant leave to appeal or to direct that a motion for leave to appeal be filed, or to deny leave to appeal after considering the notice of appeal as a motion for leave to appeal. In *Hupp*, the BAP elected to exercise its discretion by considering the notice of appeal as a motion for leave to appeal, and then denying leave to appeal.

In the above adversary proceeding and in the two others identified above, the Bankruptcy Court entered an interlocutory order denying Plaintiff's motion for summary judgment and the Defendants' counter-motion for summary judgment. The Bankruptcy Court has set a trial in all three adversary proceeding for June 3, 2008. The Defendants filed a notice of appeal of that order without a motion for leave to appeal in violation of FRBP 8001(b). Plaintiff asserts that there is

1   no legitimate argument that the order denying summary judgment is a final order, and there are no

2   grounds for granting leave to appeal.

3   IV.    CONCLUSION

4         Plaintiff respectfully requests that the District Court dismiss the interlocutory appeal for

5   lack of subject matter jurisdiction after considering the Defendants' notice of appeal to be a

6   motion for leave to appeal.

7

8   DATED: April ___, 2008              LUCE, FORWARD, HAMILTON & SCRIPPS LLP

9

10                                      By: _____

11                                          Charles P. Maher,
                                            Counsel for Plaintiff Andrea A. Wirum, Successor-in-
12                                          Interest to Charles E. Sims

13  301034987.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Charles P. Maher, State Bar No. 124748
     Jeffrey L. Fillerup, State Bar No. 120543
2    Nhung Le, State Bar No. 209552
     LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3    Rincon Center II, 121 Spear Street, Suite 200
     San Francisco, California 94105-1582
4    Telephone No.: 415.356.4600
     Fax No.: 415.356.4610
5

6    Attorneys for Andrea A. Wirum,
     Successor-in-Interest to Charles E. Sims
7

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   In re RAMIN YEGANEH,                    District Court Case No. C-08-01399  CW

12          Debtor.

13   _____        Bankruptcy Case No. 05-30047 TEC
                                             Chapter 7
14   CHARLES E. SIMS, Trustee,
                                             Adversary Proceeding
15          Appellee,                        No.  05-3240 TC

16   v.

17   F. NAMDARAN aka FRAN NAMDARAN           DECLARATION OF CHARLES P.
     aka FARIN NAMDARAN aka FARIN            MAHER IN SUPPORT OF MOTION TO
18   YEGANEH aka FRAN YEGANEH,               DISMISS APPEAL OF
                                             INTERLOCUTORY ORDER
19          Appellant.                       [FRCP 12(b)(1)]

20                                           Date:    May 8, 2008
                                             Time:    2:00 p.m.
21                                           Place:   1301 Clay Street
                                                      Courtroom  2, 4th Floor,
22   _____                 Oakland, CA
                                             Court:   Honorable Claudia Wilken
23

         I, Charles P. Maher, declare as follows:

24       1.    I am an attorney with the law firm of Luce, Forward, Hamilton & Scripps, LLP,

25   counsel of record to Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, and

26   Plaintiff in the above adversary proceeding.  Ms. Wirum is successor-in-interest to Charles E. Sims,

27   the initial Trustee in the above case and initial Plaintiff in the above adversary proceeding.  Mr. Sims

28   died in September 2006.

                                             1

2.      I am the attorney primarily responsible for representing the Trustee in the bankruptcy case and am one of the attorneys involved in the Trustee's prosecution of the above adversary proceeding.

3.      In late 2006, the Trustee's predecessor brought a motion for summary judgment on his first claim for relief in the above adversary proceeding and the identical claim in two related adversary proceedings: avoidance and recovery of intentionally fraudulent transfers. The Defendants filed a counter-motion for summary judgment. The Court considered both motions at a hearing on November 15, 2006. The Bankruptcy Court did not immediately issue a written decision on the motions because settlement discussions commenced immediately after the hearing, and the Bankruptcy Court acceded to Plaintiff's request that it withhold ruling on the summary judgment motion while settlement discussions were pending. In November 2007, I filed a document in this adversary proceeding and in the two related adversary proceedings, indicating that settlement discussions had failed and had been terminated and requesting that the Court take the motion and counter-motion under submission.

4.      The Court issued an order denying Plaintiff's motion for summary judgment and the Defendant's counter-motion for summary judgment on February 28, 2008. An authentic copy of the order is attached as **Exhibit A**. The same order was entered in each of the two related adversary proceedings; notices of appeals of the interlocutory order have been filed in those as well and the District Court has given them to the following case numbers: C-08-01400 MHP and C-08-01401 JSW.

5.      The Bankruptcy Court's docket reflects notices of appeal of the February 28, 2008, order in each adversary proceeding but not a motion for leave to appeal the February 28, 2008, order.

6.      Attached as **Exhibit B** is an authentic copy of the Bankruptcy Court's trial scheduling order entered on the bankruptcy docket on March 13, 2008.

I declare under penalty of perjury that the above statements are true and that if called as a witness I could and would testify to their truthfulness. This declaration is executed on the $1\varepsilon^{+}$ day of April 2008 in San Francisco, California.

_____
Charles P. Maher

301034986.1

2

# EXHIBIT A

# EXHIBIT A

**Entered on Docket**
**February 28, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: February 28, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | )   Case No: 05-30047 TEC |
| RAMIN YEGANEH, | ) |
| | )   Chapter 7 |
| Debtor. | ) |
| | ) |
| CHARLES E. SIMS, Trustee, | )   Adv. Proc. 05-3240 TC |
| Plaintiff, | ) |
| v. | ) |
| F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FARIN YEGANEH aka FRAN YEGANEH, | ) |
| Defendant. | ) |
| | ) |
| CHARLES E. SIMS, Trustee, | ) |
| Plaintiff, | )   Adv. Proc. 05-3242 TC |
| v. | ) |
| COAST DEVELOPMENT TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | ) |
| Defendants. | ) |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT      -1-

| | | |
|---|---|---|
| 1 | CHARLES E. SIMS, | ) |
| 2 | | ) Adv. Proc. 05-3243 TC |
| | Plaintiff, | ) |
| 3 | | ) |
| | v. | ) |
| 4 | | ) |
| | ADVANTA TRUST and FARIN YEGANEH | ) |
| 5 | aka F. NAMDARAN aka FRAN NAMDARAN | ) |
| | aka FARIN NAMDARAN aka FRAN | ) |
| 6 | YEGANEH, | ) |
| | | ) |
| 7 | Defendants. | ) |
| 8 | | |

<strong>ORDER RE TRUSTEE'S AND DEFENDANTS'<br>CROSS MOTIONS FOR SUMMARY JUDGMENT</strong>

10   The court held a hearing on November 15, 2006 on Trustee's and

11 Defendants' cross motions for summary judgment.  Jeffery L. Fillerup

12 and Nhung Le appeared for Trustee.  Jonathan G. Chance appeared for

13 Defendants.

14   Upon request of the parties, the court deferred ruling on the

15 cross motions to allow the parties time to discuss settlement.  On

16 November 9, 2007, the parties informed the court that settlement

17 efforts had failed, and requested that the court rule on the cross

18 motions.

19   Upon due consideration, the court hereby orders as follows:

20 (1)  Plaintiff's motion for summary judgment is denied.

21 (2)  Defendants' cross motion for summary judgment is denied.

22 (3)  For purposes of this order:

23   (a)  The "**San Mateo Properties**" means the following real

24     property involved in the action against Coast Development

25     Properties (A.P. No. 05-3242): (i) 627 Prospect Row, San

26     Mateo, CA; (ii) 48 N. Grant St., San Mateo, CA; and (iii)

27     718 E. 4th St., San Mateo, CA.

28

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -2-

1      (b)   The **"East Bay Properties"** means the following real

2            property involved in the action against Advanta Trust

3            (A.P. No. 05-3243): (i) 6853 Simson St., Oakland, CA; and

4            (ii) 394 Sparling Drive, Hayward, CA.

5      (c)   The **"Peninsula Properties"** means the following real

6            property involved in the action against Fran Namdaran

7            (A.P. No. 05-3240): (i) 1659 Linda Mar Blvd, Pacifica, CA;

8            (ii) 115 Francisco Dr., South San Francisco, CA; and (iii)

9            139 Francisco Drive, South San Francisco, CA.

10     (d)   The **"Oakland Properties"** means the following real property

11          involved in the action against Allied Management Trust

12          (A.P. No. 05-3241): (i) 2462 Taylor Avenue, Oakland, CA;

13          (ii) 2300 Auseon Avenue, Oakland, CA; (iii) 1012 73rd

14          Avenue, Oakland, CA; (iv) 1278 79th Avenue, Oakland, CA;

15          and (v) 1086 69th Avenue, Oakland, CA.

16  (4)  Plaintiff has established that the following material facts

17     exist without substantial controversy.

18     (a)   Farin Namdaran and F. Namdaran are Debtor's mother.

19     (b)   R. Rad is Debtor.

20     (c)   Debtor's mother is the trustee and beneficiary of the

21          Coast Development Trust.  There is no document evidencing

22          the creation of the Coast Development Trust.

23     (d)   Debtor's mother is the trustee and beneficiary of the

24          Advanta Trust.  There is no document evidencing the

25          creation of the Advanta Trust.

26     (e)   Debtor is the trustee and beneficiary of the Allied

27          Management Trust.

28     (f)   All of the facts set forth in the table below.

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT       -3-

| Date | Event |
|------|-------|
| 8/14/92 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 627 Prospect Row, San Mateo, CA, one of the three San Mateo Properties. |
| 1/27/94 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 48 N. Grant St., San Mateo, CA, one of the three San Mateo Properties. |
| 6/1/94 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 718 E. 4th St., San Mateo, CA, one of the three San Mateo Properties. |
| 9/14/98 | "Ramin Yeganeh, a single man" takes title to the real property at 6853 Simson St., Oakland, CA, one of the two East Bay Properties. |
| 10/8/98 | "Ramin Yeganeh, a single man" takes title to the real property at 394 Sparling Drive, Hayward, CA, one of the two East Bay Properties. |
| 4/7/99 | "Ramin Yeganeh, a single man" takes title to the real property at 1659 Linda Mar Blvd, Pacifica, CA, one of the three Peninsula Properties. |
| 6/25/99 | "Ramin Yeganeh, a single man" takes title to the real properties at 115 Francisco Dr., South San Francisco, CA and 139 Francisco Drive, South San Francisco, CA, two of the three Peninsula Properties. |
| 1999 | Debtor discards or destroys records regarding the San Mateo Properties, the East Bay Properties, and the Peninsula Properties. Debtor destroys or discards mortgage loan documents, property tax statements, lease agreements, evidence of lease payments received, records of improvements, repair invoices, property insurance statements, and utilities statements. |
| 9/8/99 | Debtor is arrested and his business records are seized; he is charged with violations of the criminal provisions of Cal. Civ. Code § 2945 re business practices of mortgage foreclosure consultants. |
| 10/4/99 | Wobogo files suit against Debtor under Cal. Bus. & Prof. Code § 17200 in San Mateo County Superior Court (Superior Court), Case No. 410586 (State-Court Action); 27 victims allege in the complaint that Debtor unlawfully foreclosed mortgages. |
| 3/20/01 | Debtor pleads no contest to four separate felony counts under Cal. Civ. Code § 2945.4(g), involving four victims. Debtor is sentenced to five years probation, his broker's license is suspended, and he is ordered not to engage in mortgage broker activity. |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -4-

| 6/28/01 | Debtor transfers the three Peninsula Properties to "F. Namdaran, a single woman" (Debtor's mother). No consideration was paid for the transfers. A motion for summary judgment was pending in the State-Court Action on the date the Peninsula Properties were transferred. |
| 7/30/01 | Superior Court grants plaintiffs' motion for summary judgment, determining that Debtor violated Cal. Bus & Prof. Code § 17200; restitution hearings commence. |
| 7/31/01 | Debtor transfers the three San Mateo Properties to the Coast Development Trust (in which Debtor's mother is the trustee and beneficiary). No consideration was paid for the transfers. |
| 8/1/01 | Debtor files chapter 13 bankruptcy case; on petition, Debtor uses an incomplete and inaccurate spelling of his name and the wrong home address. |
| 8/2/01 | Debtor voluntarily dismisses his chapter 13 case. |
| 8/10/01 | In State-Court Action, the plaintiffs file an application for temporary restraining order to prohibit Debtor from transferring any real property. |
| 9/24/01 | Debtor transfers the East Bay Properties to the Advanta Trust (in which Debtor's mother is the trustee and beneficiary). No consideration was paid for the transfers. After transferring these properties, Debtor continues to collect the rental income from the properties and does not turn over the rent to his mother. |
| 10/3/01 | The Superior Court grants an order modifying the preliminary injunction, which prohibits Debtor from conducting or engaging in certain real property transactions. |
| 4/18/02 | Debtor testifies under oath in the Superior Court: (i) that F. Namdaran was a man named "Fred" or a woman whose name he could not recall; and (ii) that R. Rad was Rick Rad, that his relationship with R. Rad was none. |
| June 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 2462 Taylor Avenue, Oakland, CA, one of the five Oakland Properties. |
| Sept. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 2300 Auseon Avenue, Oakland, CA (Auseon Property), one of the five Oakland Properties. |
| Nov. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 1012 73rd Avenue, Oakland, CA, one of the five Oakland Properties. |

| Dec. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 1278 79th Avenue, Oakland, CA, one of the five Oakland Properties. |
| January 2003 | Under the name "R. Rad, a single man", Debtor acquires title to 1086 69th Avenue, Oakland, CA, one of the five Oakland Properties. |
| 3/21/03 | R. Rad, who is Debtor, transfers all of the Oakland Properties, except the Auseon Property, to the Allied Management Trust, of which Debtor is the trustee and beneficiary. |
| 5/6/03 | R. Rad, who is Debtor, transfers the Auseon Property to the Allied Management Trust, of which Debtor is the trustee and beneficiary. |
| 6/20/03 | Superior Court finds Debtor guilty of contempt due to Debtor's transfer of the Oakland Properties in violation of the preliminary injunction. Superior Court sentences Debtor to 36 days in jail. |
| 6/3/04 | $270K judgment entered in State-Court Action. |
| 9/9/04 | Supplemental judgment entered in the State-Court Action adding $130K prejudgment interest, $3,452,803 attorneys' fees, and $32,458 costs to the judgment (collectively, the Judgment). |
| 1/7/05 | Debtor files chapter 13 bankruptcy case. Debtor is not eligible for chapter 13 relief because his debts, including the more than $3.8 million Judgment, exceed the chapter 13 debt eligibility limits (as of the petition date: noncontingent, liquidated, unsecured debts of less than $307,765 and noncontingent, liquidated, secured debts of less than $922,975). |
| 1/21/05 | Debtor's bankruptcy case is converted to chapter 7 because Debtor is not eligible for chapter 13 relief. |
| 2/22/05 | Four days after the trustee filed adversary proceedings against Debtor to recover the San Mateo Properties, the East Bay Properties, the Peninsula Properties, and the Oakland Properties, Debtor transfers the San Mateo Properties to F. Namdaran (Debtor's mother). |
| 2/25/05 | Debtor files schedules in his bankruptcy case. Debtor does not list in his schedules any of the San Mateo Properties, the East Bay Properties, the Peninsula Properties, or the Oakland Properties. |
| 6/1/05 | Debtor testifies under oath at his 2004 examination that he doesn't remember why he didn't put his home address on the bankruptcy petition he filed in 2001, but that it may have been because he didn't want his credit affected. |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -6-

1  (5)  The following issues are reserved for trial, as limited by

2       paragraph (6) below:

3       (a)  whether Debtor retained other real or personal property

4            after he transferred the San Mateo, East Bay, Peninsula,

5            and Oakland Properties (collectively, the "**Properties**");

6       (b)  whether Debtor was insolvent on the date the transfers

7            were made or became insolvent as a result of the

8            transfers; and

9       (c)  whether Debtor made the transfers with actual intent to

10           hinder, delay, or defraud creditors.  ·

11 (6)  Pursuant to this court's October 13, 2006 Order re Cross

12      Motions to Preclude or Compel:

13      (a)  Defendants are precluded from introducing any evidence

14           that Defendants, rather than Debtor, were the true

15           (equitable) owners of the Properties before the transfers

16           at issue.

17      (b)  Defendants are precluded from introducing any evidence

18           that they paid Debtor consideration in connection with the

19           transfers at issue.

20      (c)  Except as provided in subparagraph (6)(d) below,

21           Defendants are authorized to introduce Debtor's testimony

22           and any documents already produced regarding: (i) whether

23           the badges of fraud indicate intent to hinder, delay, or

24           defraud creditors; and (ii) insolvency at the time of or

25           as a result of the transfers at issue.

26      (d)  In addressing the issues identified in subparagraph (6)(c)

27           above, Defendants are precluded from introducing any

28           evidence that Defendants rather than Debtor were the true

**ORDER RE CROSS MOTIONS**
**FOR SUMMARY JUDGMENT**          -7-

1    (equitable) owners of the Properties before the transfers

2    at issue or any evidence that Defendants paid any

3    consideration in connection with the transfers at issue.

4                    **END OF ORDER**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT              -8-

1                    **COURT SERVICE LIST**

2 Jeffrey L. Fillerup, Esq.
   Luce, Forward, Hamilton & Scripps LLP
3 121 Spear St., Ste. 200
   San Francisco, CA 94105
4
   Nhung Le, Esq.
5 Luce, Forward, Hamilton & Scripps LLP
   121 Spear St., Ste. 200
6 San Francisco, CA 94105

7 Jonathan G. Chance, Esq.
   JC Law Office
8 1605 Middlefield Rd.
   Redwood City, CA 94063
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# EXHIBIT B

**Entered on Docket**
**March 13, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: March 12, 2008**

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No: 05-30047 TEC |
| | ) |
| RAMIN YEGANEH, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| CHARLES E. SIMS, Trustee, | ) Adv. Proc. 05-3240 TC |
| Plaintiff, | ) |
| v. | ) |
| F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FARIN YEGANEH aka FRAN YEGANEH, | ) |
| Defendant. | ) |

| | |
|---|---|
| CHARLES E. SIMS, Trustee, | ) |
| Plaintiff, | ) Adv. Proc. 05-3242 TC |
| v. | ) |
| COAST DEVELOPMENT TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | ) |
| Defendants. | ) |

ORDER AFTER STATUS CONF.          -1-

1  CHARLES E. SIMS,                                    )    Adv. Proc. 05-3243 TC
                                                       )
2                               Plaintiff,             )
                                                       )
3  v.                                                  )
                                                       )
4  ADVANTA TRUST and FARIN YEGANEH                     )
   aka F. NAMDARAN aka FRAN NAMDARAN                   )
5  aka FARIN NAMDARAN aka FRAN                         )
   YEGANEH,                                            )
6                                                      )
                                Defendants.            )
7  _____          )

8                      **ORDER AFTER STATUS CONFERENCE**

9       The court held a status conference in the above-captioned

10  adversary proceedings on March 7, 2008.  Jeffery L. Fillerup

11  appeared for Trustee.  Jonathan G. Chance appeared for Defendants.

12      Upon due consideration, and for the reasons stated on the

13  record at the status conference, the court hereby orders as follows.

14      (1)  A pretrial conference shall be held on May 2, 2008 at

15  11:00 a.m., United States Bankruptcy Court, 235 Pine Street, Twenty-

16  Third Floor, San Francisco, CA 94104.

17      The parties' counsel are directed to meet and confer in person

18  regarding settlement and the joint pretrial conference statement

19  before the pretrial conference.  Counsel are reminded that they are

20  required to file a joint pretrial statement seven calendar days

21  before the pretrial conference.  The pretrial conference statement

22  shall address: (1)  The substance of the action; (2) undisputed

23  facts; (3) disputed facts; (4) disputed legal issues; (5) witnesses

24  to be called by each party; (6) an estimate of trial time required;

25  (7) whether separate trial of specific issues is appropriate; (8)

26  whether it is appropriate to introduce the direct testimony of any

27  witnesses by declaration (subject to oral cross examination).

28      (2) No motion for summary judgment will be heard less than

    thirty days before trial without permission of the court.

    ORDER AFTER STATUS CONF.                -2-

1    (3) Trial will commence on June 3, 3008 at 9:30 a.m., at the

2    United States Bankruptcy Court, 235 Pine Street, Twenty-Third Floor,

3    San Francisco, CA.  <u>Seven calendar days before the trial date</u>

4    <u>counsel shall inform the courtroom deputy (Gordon Hom (415) 268-</u>

5    <u>2362) whether the parties have settled and, if not, how much time</u>

6    <u>the trial will require</u>.  During the week prior to the trial date the

7    court may reschedule the trial to a later day during the week of the

8    trial date.  <u>Counsel should be prepared to go to trial at any time</u>

9    <u>during the week of the trial date.</u>

10    (4) Seven calendar days before the scheduled trial date,

11    counsel shall: (a) serve and file trial briefs (briefs shall not

12    exceed twenty-five pages without **prior** permission of the

13    court); (b) exchange copies of all exhibits to be offered, other

14    than those to be used for impeachment or rebuttal; (c) serve and

15    file statements designating excerpts from depositions, answers to

16    interrogatories and requests for admission, other than those to be

17    used for impeachment or rebuttal; and (d) exchange a list of

18    expected witnesses, other than those to be called for impeachment or

19    rebuttal, including a brief summary of each witness' expected

20    testimony.

21    (5) Counsel shall also:  (a) premark all exhibits **before** trial

22    (Plaintiff's exhibits should be marked by number, Defendant's

23    exhibits should be marked by letter); (b) bring sufficient copies of

24    exhibits for all counsel, the witness, and the court; (c) in

25    any case in which the party expects to offer more than ten

26    exhibits, place the exhibits in a three-ring binder with an

27    appropriate tab attached to each exhibit; (d) number the pages of

28    any exhibit that has more than one page; (e) promptly advise the

opposing party of any objections to the introduction of the opposing

**ORDER AFTER STATUS CONF.**                    -3-

1  party's proposed testimony or exhibits; and (f) meet **before** trial to
2  attempt to reach agreement regarding the admissibility of testimony
3  and exhibits.
4                              **END OF ORDER**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER AFTER STATUS CONF.                    -4-

1                       **COURT SERVICE LIST**

2 Jeffrey L. Fillerup, Esq.
   Luce, Forward, Hamilton & Scripps LLP
3 121 Spear St., Ste. 200
   San Francisco, CA 94105

4
   Jonathan G. Chance, Esq.
5 JC Law Office
   1605 Middlefield Rd.
6 Redwood City, CA 94063

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Charles P. Maher, State Bar No. 124748
     Jeffrey L. Fillerup, State Bar No. 120543
2    Nhung Le, State Bar No. 209552
     LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3    Rincon Center II, 121 Spear Street, Suite 200
     San Francisco, California 94105-1582
4    Telephone No.: 415.356.4600
     Fax No.: 415.356.4610
5

6    Attorneys for Andrea A. Wirum,
     Successor-in-Interest to Charles E. Sims
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   In re RAMIN YEGANEH,                    District Court Case No. C-08-01399  CW

13
              Debtor.
14   _____

15   CHARLES E. SIMS, Trustee,              Bankruptcy Case No. 05-30047 TEC
                                            Chapter 7
16            Appellee,
                                            Adversary Proceeding
17   v.                                     No.  05-3240 TC

18   F. NAMDARAN aka FRAN NAMDARAN
     aka FARIN NAMDARAN aka FARIN           **[proposed] ORDER DISMISSING**
19   YEGANEH aka FRAN YEGANEH,              **APPEAL OF INTERLOCUTORY ORDER**
                                            **[FRCP 12(b)(1)]**
20            Appellant.
                                            Date:    May 8, 2008
21                                          Time:    2:00 p.m.
                                            Place:   1301 Clay Street
22                                                   Courtroom  2, 4th Floor,
                                                     Oakland, CA
23                                          Court:   Honorable Claudia Wilken

24         On May 16, 2008, a hearing was held on the motion of Andrea A. Wirum, Trustee in

25   Bankruptcy of the estate of Ramin Yeganeh (Bankruptcy Case No. 05-30047 TC), and successor-

26   in-interest to Charles E. Sims, Appellee.   Charles P. Maher of Luce, Forward, Hamilton &

27   Scripps, LLP, appeared on behalf of Appellee.   William Gilg appeared on behalf of the

28   Appellants.

                                            1

1    Having considered the motion and supporting documentation filed by Appellee and the

2    opposition filed by the Appellants, the Court having determined that the above appeal is of an

3    interlocutory order for which leave has not been granted, and that this Court does not have

4    jurisdiction under 28 U.S.C. § 158(a), and for the reasons stated on the record, it is

5    ORDERED as follows:

6    1.    The notice of appeal commencing the above case is deemed a motion for leave to

7    appeal an interlocutory order pursuant to Rule 8003(c) of the Federal Rules of Bankruptcy

8    Procedure.

9    2.    The Appellants' motion for leave to appeal is denied and the above appeal is

10    dismissed.

11

12

13    Dated: _____

14                                        _____
                                          CLAUDIA WILKEN
                                          UNITED STATES DISTRICT JUDGE
15

16

17    301035045.1

18

19

20

21

22

23

24

25

26

27

28

2

1  Charles P. Maher, State Bar No. 124748
Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
Fax No.: 415.356.4610
5

6  Attorneys for Andrea A. Wirum,
Successor-in-Interest to Charles E. Sims
7

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11  In re RAMIN YEGANEH,                    District Court Case No. C-08-01399 CW

12          Debtor.

13  _____            Bankruptcy Case No. 05-30047 TEC
                                           Chapter 7
14  CHARLES E. SIMS, Trustee,
                                           Adversary Proceeding
15          Appellee,                      No. 05-3240 TC

16  v.

17  F. NAMDARAN aka FRAN NAMDARAN
aka FARIN NAMDARAN aka FARIN            **CERTIFICATE OF SERVICE**
YEGANEH aka FRAN YEGANEH,
18
19          Appellant.                     Date:    May 8, 2008
                                           Time:    2:00 p.m.
20                                         Place:   1301 Clay Street
                                                    Courtroom 2, 4th Floor,
21                                                  Oakland, CA
                                           Court:   Honorable Claudia Wilken
22

23        I, Nelly M. Quintanilla, declare as follows:

24        1.    I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP,

25  whose address is Rincon Center II, 121 Spear Street, Suite 200, San Francisco, California 94105-

26  1582. I am over the age of eighteen years, and am not a party to this action.

27

28

                                        1

2.    On April 1, 2008, I served the following:

➢ **NOTICE OF MOTION AND MOTION TO DISMISS APPEAL OF INTERLOCUTORY ORDER  [FRCP 12(b)(1)]**

➢ **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS APPEAL OF INTERLOCUTORY ORDER  [FRCP 12(b)(1)]**

➢ **DECLARATION OF CHARLES P. MAHER IN SUPPORT OF MOTION TO DISMISS APPEAL OF INTERLOCUTORY ORDER  [FRCP 12(b)(1)]**

➢ **[proposed] ORDER DISMISSING APPEAL OF INTERLOCUTORY ORDER [FRCP 12(b)(1)]**

on the interested parties in this action by:

XX_____    **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for each address named on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at Luce, Forward, Hamilton & Scripps LLP.  I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

on the following parties:

William E. Gilg, Esq.
305 San Bruno Avenue West
San Bruno, CA  94066

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on April 1, 2008, in San Francisco, California.

_____
Nelly M. Quintanilla

301035044.1

2