WILLIAM E. GILG
Attorney at Law, SBN 151991
305 San Bruno Avenue West
San Bruno, CA 94066
(650) 871-8647
(650) 873-3168 (fax)

Attorney for Defendants/Appellants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RAMIN YEGANEH, | ) Dist Ct Case No. C-08-01401 CW |
| | ) |
| Debtor. | ) BK Case No. 05-30047 TEC |
| | ) |
| CHARLES E. SIMS, Trustee, | ) Chapter 7 |
| | ) |
| Plaintiff/Appellee, | ) Adversary Proceeding Nos. |
| | ) 05-3240; 05-3242; 05-3243 TEC |
| vs. | ) |
| | ) OPPOSITION TO MOTIONS TO |
| FRAN YEGANEH, ET AL, | ) DISMISS APPEALS OF |
| | ) INTERLOCUTORY ORDERS |
| | ) [FRCP, Rule 12(b)(1)] |
| | ) |
| | ) |
| | ) |
| | ) Court: Honorable Claudia Wilken |
| Defendants/Appellants. | ) |

## INTRODUCTION

These matters were adversary proceeding based upon alleged

fraudulent transfers of adversary properties to the defendants/appellants, the

debtor's parents. Plaintiff/Appellee Trustee alleged in his adversary complaints that by "transfers" of certain real properties (adversary properties) about three years before there was a judgment against the debtor, and about four years before this Chapter 7 bankruptcy, the debtor intended to hinder, delay, or defraud his creditors <u>or</u> became insolvent as a result of said transfers. Needless to say, at the time the alleged transfers occurred in 2001, the debtor was unaware of the names of any of the creditors/claimants. The only named plaintiff at the time was suing in a representative capacity under Business and Professions Code sections 17200, et seq.

The plaintiff/appellee based his allegations in his adversary complaints on California's Uniform Fraudulent Transfer Act (hereinafter "UFTA") contained in Civil Code sections 3439, et al. (See CC { 3439.04(a)(1), (a)(2).) The plaintiff/appellee also relied in these adversary complaints on Title 11 of the United States Code, section 544(a) as providing him with standing to avoid these transfers that could have been avoided by a creditor under local law, that is California's UFTA.

Section 544(a) confers standing on the plaintiff/appellee under federal law to bring these adversary proceedings on behalf of the individual creditors. However, the extent of the plaintiff/appellee's rights to pursue these adversary complaints is measured by the substantive law of the

jurisdiction governing the properties in question. (In re Bridge (3rd Cir. 1994) 18 F.3d 195; see also Collier on Bankruptcy, Fifteenth Edition Revised, Vol. 5, { 544.02, p. 544-6 [citing numerous multi-jurisdictional authorities].) Here the substantive law is the law of California's UFTA.

Defendants/appellants moved for summary judgment as to these adversary complaints and on all causes of action contained therein. The basis for these motions was that the individual creditors did not have standing to pursue these adversary complaints under the UFTA because their allowed claims had already been satisfied by the plaintiff/appellee, or should had been satisfied by that time. That is, the prior sales of the debtor's five real properties had generated more than enough funds to pay off these individual creditors. In fact the plaintiff/trustee admitted that the creditors were paid off in his appellate brief on a related adversary proceeding where summary judgment was entered in favor of said plaintiff/trustee and appealed by defendants/appellants[1]. Hence these individual creditors who submitted claims have been paid in full and have suffered no prejudice. They had suffered no affirmative harm as required by California law to pursue an avoidance action under the UFTA. (See Mehrtash v. Mehrtash

---

[1] See Sims v. Allied Management Trust, et al, Case No. C07-03256 CW, Appellee's Brief, p, 19(28)—p. 20(2), filed on March 19, 2008.

(2001) 93 Cal.App.4[th] 75, 80 ["A transfer in fraud of creditors may be attacked only by one who is injured thereby."].) Consequently defendants/appellants argued that neither the creditors nor the plaintiff/appellee as bankruptcy trustee had standing to pursue these adversary actions.

Defendants/appellants filed these motions for summary judgment on October 18, 2006. The Bankruptcy Court took the summary judgment motions under submission in November of 2006.

On February 28, 2008, the Bankruptcy Court denied the defendants/appellants' motions for summary judgment in all adversary proceedings and set this matter for a jury trial to begin on June 3, 2008. On March 6, 2008, the defendants/appellants filed notices of appeal from the denial of their summary judgment motions with an election to proceed directly to this District Court. An order denying a motion for summary judgment is not a final appeal order but an interlocutory order. Defendants/appellants did not obtain prior leave to file interlocutory appeals.

Plaintiff/appellee now moves to dismiss the defendants/appellants' appeals. However as explained below, this Court has discretion to treat the defendants/appellants' notices of appeal as motions for leave to appeal an interlocutory order, or direct that such a motion be filed, or may grant leave

to prosecute such an appeal, or deny leave to appeal but consider the notices of appeal as motions for leave to appeal. (See FRBP, Rule 8003(c).).

Defendants/appellants respectively request that the Court exercise its discretion in whatever manner it wishes as long as it allows the defendants/appellants to prosecute said appeals.


I

### DEFENDANTS/APPELLANTS' APPEALS FROM THE DENIAL OF THEIR SUMMARY JUDGMENT MOTIONS SHOULD BE ALLOWED TO GO FORWARD

An order denying a summary judgment motion is an interlocutory order. (See Lum v. Honolulu (9th Cir. 1992) 963 F.2d 1167, 1169.) Title 28 of the United States Code section 158(a)(3) provides that appeals of interlocutory orders may be prosecuted with leave of court. Rules of Bankruptcy Procedure Rule 8003(a) sets out the requirements of a motion for leave to appeal an interlocutory order. Such a motion shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by an appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment or order complained of and of any opinion or memorandum relating thereto.

1
2      The Bankruptcy Court denied defendants/appellants' motions for
3  summary judgment on February 28, 2008.  On March 6, 2008 the
4  defendants/appellants timely filed notices of appeal for each adversary
5  proceeding.  However defendants/appellants did so without leave of court as
6
7  required by Title 28 of the United States Code section 158(a)(3) and Rule
8  8003(a) of the Rules of Bankruptcy Procedure.
9
10      Nevertheless, Rule 8003(c) provides that this District Court can still
11  grant leave to appeal or direct that a motion for such leave be filed.
12
13  Additionally Rule 8003(c) provides that this Court may deny leave to appeal
14  but consider the notice of appeal as a motion for leave to appeal.  However
15  the Court wishes to rule, defendants/appellants request that they be allowed
16
17  to prosecute these appeals for the following reasons.
18      To determine whether leave to appeal should be granted, the standards
19  set forth in Title 28 of the United States Code section 1292(b) come into
20
21  play.  (In re Sperna (9th Cir. BAP) 173 B.R. 654, 658.)
22
23                  Under that statute, granting leave is appropriate if
                    the order involves a controlling question of law as
24                  to which there is a substantial ground for difference
                    of opinion and an immediate appeal may materially
25                  advance the ultimate termination of the litigation.
26
27  (Ibid.)
28

1
2
3      In this matter the defendants/appellants' summary judgment motions
4  were based on whether the plaintiff/appellee, acting as bankruptcy trustee,
5  actually had standing to set aside these alleged fraudulent conveyances
6  because the creditors who had submitted claims had already been paid off, or
7  at least that the bankruptcy estate had more than enough funds to pay off
8  these creditors without the benefit of the adversary properties. If it was
9  determined that the plaintiff/appellee did not have such standing then this
10 adversary litigation would be over. Hence this appeal concerns a controlling
11 issue of law about which there is a difference of opinion between the parties
12
13 and an immediate appeal, if successful, would immediately terminate this
14 adversary litigation. Considering that there is a jury trial scheduled in this
15 matter for June 3, 2008, an immediate appeal may likely save judicial time
16
17 and resources as well as the parties' time and resources.[2]
18
19      Consequently, defendants/appellants respectfully request the
20 plaintiff/appellee's motions to dismiss be denied. Defendants/appellants
21 also respectfully request that this Court grant them the relief outlined in
22
23 Rules of Bankruptcy Procedure, Rule 8003(c), whether it be to grant leave to
24
25
26 _____
27 [2] If this Court grants leave to allow the defendants/appellants to prosecute these appeals, they will
28 immediately move for a stay of the scheduled jury trial in this matter. There can be no review of a denial of
   a summary judgment once there has been a trial on the merits. (Lum, supra, at 963 F.2d 1169-1170.)

1    appeal outright, or direct that a motion for leave to appeal be filed, or to

2    consider the notice of appeal as a motion for leave to appeal.

3

4

5                                CONCLUSION

6

7        For the foregoing reasons, the plaintiff/appellee's motions to dismiss

8    these appeals should be denied.  Additionally, for the foregoing reasons,

9    defendants/appellants should be allowed to prosecute these appeals pursuant

10   to Rule 8003(c) of the Rules of Bankruptcy Procedure

11

12

13

14   April 24, 2008                /S/ WILLIAM E. GILG, ESQ.
                                   WILLIAM E. GILG,
15                                 Attorney for Defendants/Appellants

16

17

18

19

20

21

22

23

24

25

26

27

28

1  WILLIAM E. GILG
   Attorney at Law, SBN 151991
2  305 San Bruno Avenue West
   San Bruno, CA 94066
3  (650) 871-8647
   (650) 873-3168 (fax)
4
   Attorney for Defendants/Appellants
5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  In re RAMIN YEGANEH,              ) Dist Ct Case No. C-08-01401 CW
                                      )
13         Debtor.                    ) BK Case No. 05-30047 TEC
                                      )
14  _____ )
    CHARLES E. SIMS, Trustee,         ) Chapter 7
15                                    )
16         Plaintiff/Appellee,        )  Adversary Proceeding Nos.
                                      )  05-3240; 05-3242; 05-3243 TEC
17      vs.                           )
                                      )
18                                    )  DECLARATION RE
                                      )  OPPOSITION TO MOTIONS TO
19  FRAN YEGANEH, ET AL,              )  DISMISS APPEALS OF
                                      )  INTERLOCUTORY ORDERS
20                                    )  [FRCP, Rule 12(b)(1)]
                                      )
21                                    )
22                                    )
                                      )
23                                    )
                                      )  Court: Honorable Claudia Wilken
24         Defendants/Appellants.     )
    _____
25

26

27

28

I, WILLIAM E. GILG, declare as follows:

1.  I am an attorney at law duly licensed and authorized to practice law before all the courts of the State of California and this Federal District Court for the Northern District of California.  I am the attorney of record for the defendants/appellants in these adversary appeals.

2.  These matters were adversary proceeding based upon alleged fraudulent transfers of adversary properties to the defendants/appellants, the debtor's parents.  Plaintiff/Appellee Trustee alleged in his adversary complaints that by "transfers" of certain real properties (adversary properties) about three years before there was a judgment against the debtor, and about four years before this Chapter 7 bankruptcy, the debtor intended to hinder, delay, or defraud his creditors or became insolvent as a result of said transfers.

3.  Needless to say, at the time the alleged transfers occurred in 2001, the debtor was unaware of the names of any of the creditors/claimants.  The only named plaintiff at the time was suing in a representative capacity under Business and Professions Code sections 17200, et seq.

4.  The plaintiff/appellee based his allegations in his adversary complaints on California's Uniform Fraudulent Transfer Act (hereinafter "UFTA") contained in Civil Code sections 3439, et al.  (See CC { 3439.04(a)(1),

(a)(2).)   The plaintiff/appellee also relied in these adversary complaints on Title 11 of the United States Code, section 544(a) as providing him with standing to avoid these transfers that could have been avoided by a creditor under local law, that is California's UFTA.

5.  Section 544(a) confers standing on the plaintiff/appellee under federal law to bring these adversary proceedings on behalf of the individual creditors.  However, the extent of the plaintiff/appellee's rights to pursue these adversary complaints is measured by the substantive law of the jurisdiction governing the properties in question.  (In re Bridge (3rd Cir. 1994) 18 F.3d 195; see also Collier on Bankruptcy, Fifteenth Edition Revised, Vol. 5, { 544.02, p. 544-6 [citing numerous multi-jurisdictional authorities].)  Here the substantive law is the law of California's UFTA.

6.  Defendants/appellants moved for summary judgment as to these adversary complaints and on all causes of action contained therein.  The basis for these motions was that the individual creditors did not have standing to pursue these adversary complaints under the UFTA because their allowed claims had already been satisfied by the plaintiff/appellee, or should had been satisfied by that time.  That is, the prior sales of the debtor's five real properties had generated more than enough funds to pay off these individual creditors.  In fact the plaintiff/trustee admitted that the creditors

were paid off in his appellate brief on a related adversary proceeding where summary judgment was entered in favor of said plaintiff/trustee and appealed by defendants/appellants.

7. Hence these individual creditors who submitted claims have been paid in full and have suffered no prejudice. They had suffered no affirmative harm as required by California law to pursue an avoidance action under the UFTA. Consequently defendants/appellants argued that neither the creditors nor the plaintiff/appellee as bankruptcy trustee had standing to pursue these adversary actions.

8. Defendants/appellants filed these motions for summary judgment on October 18, 2006. The Bankruptcy Court took the summary judgment motions under submission in November of 2006.

9. On February 28, 2008, the Bankruptcy Court denied the defendants/appellants' motions for summary judgment in all adversary proceedings and set this matter for a jury trial to begin on June 3, 2008.

10. On March 6, 2008, the defendants/appellants filed notices of appeal from the denial of their summary judgment motions with an election to proceed directly to this District Court. An order denying a motion for summary judgment is not a final appeal order but an interlocutory order. Defendants/appellants did not obtain prior leave to file interlocutory appeals.

11. Plaintiff/appellee now moves to dismiss the defendants/appellants' appeals.

12. Defendants/appellants respectively request that the Court exercise its discretion in whatever manner it wishes as long as it allows the defendants/appellants to prosecute said appeals.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on April 24, 2008 at San Bruno, California.


/S/ WILLIAM E. GILG
WILLIAM E. GILG,
Attorney for Defendants/Appellants

## PROOF OF SERVICE

I, the undersigned, state that I am a citizen of the United States and employed in the City of San Bruno, that I am over the age of eighteen (18) years and not a party to the within cause; that I am an active member of the State Bar of California; that my business address is 305 San Bruno Avenue West, San Bruno, California; and that on the date set out below I deposited a true copy of the attached documents, listed below, on the parties to the action by one or more of the following methods:

[XX]  First Class Mail

[]  Fax via (415) 356-4610

– by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Bruno, California;

Documents Served: OPPOSITION TO MOTIONS TO DISMISS APPEALS OF INTERLOCUTORY ORDERS

Party Served:  CHARLES P. MAHER, ESQ.
                Luce, Forward, Hamilton & Scripps, LLP
                Rincon Center II, 121 Spear St., Suite 200
                San Francisco, CA 94105

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed at San Bruno, California on April 24, 2008.

/S/ WILLIAM E. GILG
WILLIAM E. GILG,
Attorney for Defendants/Appellants