1  Charles P. Maher, State Bar No. 124748
   Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5

6  Attorneys for Andrea A. Wirum,
   Successor-in-Interest to Charles E. Sims
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  In re RAMIN YEGANEH, | Bankruptcy Case No. 05-30047 TEC |
| 12         Debtor. | |
| 13 | |
| 14  CHARLES E. SIMS, Trustee, | District Court Case No. C-08-01399 CW |
| 15         Appellee, | |
|     v. | |
| 16 | |
| 17  F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FARIN YEGANEH aka FRAN YEGANEH, | |
| 18 | |
|            Appellant. | |
| 19 | |
| 20  CHARLES E. SIMS, Trustee, | District Court Case No. C-08-01400 CW |
| 21         Appellee, | |
| 22  v. | |
| 23  COAST DEVELOPMENT TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | |
| 24 | |
| 25 | **APPELLEE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
|            Appellant. | |
| 26 | |

27

28

1

| | |
|---|---|
| CHARLES E. SIMS, Trustee,<br><br>Appellee,<br><br>v.<br><br>ADVANTA TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH,<br><br>Appellant. | District Court Case No. C-08-01401 CW<br><br><br><br>**APPELLEE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Andrea A. Wirum, successor-in-interest to Charles E. Sims as Trustee in Bankruptcy of the estate of Ramin Yeganeh and Appellee in each of the above appeals, hereby replies to the opposition of the Appellants to Appellee's motion to dismiss appeals for lack of jurisdiction under 28 U.S.C. § 158(a). This identical reply brief is being filed in Case Nos. C 08-01399 CW, C 08-01400 CW, and C 08-01401 CW.

I.   INTRODUCTION

In their opposition, the Appellants confirm precisely what the Appellee pointed out to the Court in her motion to dismiss: (1) the orders on appeal are interlocutory orders, not final orders; and (2) the Appellants failed to move the Court for leave to appeal an interlocutory order.

In their opposition, the Appellants have failed to demonstrate why the Court ought to consider appeals of interlocutory orders denying summary judgment motions. Rather, the Appellants attempt to argue the merits of their motions, particularly the issue of standing of the Appellee as Trustee, an issue the Bankruptcy Court declined to decide in the context of motions for summary judgment.

II.   ARGUMENT

There are two avenues to appeal an interlocutory order. The first is 28 U.S.C. § 158(a) and Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure ("FRBP"). FRBP 8001(b) requires an appellant to file a motion for leave to appeal with its notice of appeal. The Appellants failed to file a motion for leave and, according to FRBP 8003, have taken an improper appeal.

2

1  FRBP 8003(c) gives the appellate court discretion to treat the notice of appeal as a motion for
2  leave and either grant or deny leave, or direct that a motion for leave be filed. The motion to
3  dismiss the appeals gave the Appellants the opportunity to demonstrate why leave to appeal ought
4  to be granted. They have failed to do so.

5      The second avenue is 28 U.S.C. § 1292(b) which requires an order from the trial court
6  certifying an order for interlocutory appeal, a demonstration of the existence of a "controlling
7  question of law as to which there is a substantial ground for difference of opinion," and a
8  demonstration that immediate appeal will materially advance the ultimate termination of the
9  litigation. There is no certification order from the Bankruptcy Court, and the Appellants have
10 failed to demonstrate the existence of a controlling question of law or that immediate appeal will
11 materially advance the litigation.

12     Relying on the discretion of the Court under FRBP 8003(c) to treat the notice of appeal as
13 a motion for leave to appeal, the Appellants direct the District Court to the standards of 28
14 U.S.C. § 1292(b) to determine whether leave should be granted. There is case law, including the
15 Ninth Circuit Bankruptcy Appellate Panel case cited by the Appellants, *In re Sperna*, 173 B.R.
16 654, 658 (9th Cir. BAP 1994), that suggests the standards in Section 1292(b) may be used by
17 analogy in a motion for leave to appeal under FRBP 8001 and FRBP 8003(c).

18     Section 1292(b) of Title 28 reads as follows in its entirety:

19     When a district judge, in making in a civil action an order not otherwise appealable
20 under this section, shall be of the opinion that such order involves a controlling
   question of law as to which there is substantial ground for difference of opinion
21 and that an immediate appeal from the order may materially advance the ultimate
   termination of the litigation, he shall so state in writing in such order. The Court
22 of Appeals which would have jurisdiction of an appeal of such action may there
   upon, in its discretion, permit an appeal to be taken from such order, if application
23 is made to it within ten days after the entry of the order. *Provided, however,* That
   application for an appeal hereunder shall not stay proceedings in the district court
   unless the district judge of the court of appeals or a judge thereof shall so order.
24

25     Section 1292(b) describes the district court acting as trial court, not as appellate court in
26 bankruptcy appeals. For Section 1292(b) to be applicable in this case, the Bankruptcy Court
27 would have had to certify in writing its opinion that the interlocutory orders involve a controlling
28 question of law as to which there is a substantial ground for difference of opinion and that an

immediate appeal would materially advance the litigation. An order certifying a Section 1292(b) appeal should state the reasons that warrant appeal as a guide to the appellate court's consideration of the petition for permission to appeal. 16 Wright, Miller, Cooper, *Federal Practice and Procedure*, Section 3929. The District Court, sitting as a court of appeal, would then consider the Bankruptcy Court's written certification; it is up to the appellate court in its discretion to determine whether to accept the appeal.

The Bankruptcy Court did not make such a certification. Except in rare circumstances, certificate from the trial court is a prerequisite for consideration of an appeal under Section 1292(b). *In re American Marine Holding Co.*, 14 F. 3d 276, 277 (5th Cir. 1994), *Wimberly v. Rogers*, 557 F. 2d. 671, 672-673 (9th Cir. 1997).

If Section 1292(b) or its standards apply without the certification, the Appellants still fail because they have not identified the "controlling question of law as to which there is a substantial ground for difference of opinion" or demonstrated why an immediate appeal would "materially advance the ultimate termination of the litigation."

In *Ahrenholz v. Board of Trustees*, 219 F. 3d. 674 (7th Cir. 2000), Judge Posner addressed the question of what constitutes a "question of controlling law." Judge Posner acknowledged that an appeal from the denial of a summary judgment presents a question of law (i.e., whether the opponent of the motion has raised a genuine issue of material fact), but found that Section 1292(b) was not intended to make denials of summary judgment routinely appealable. "A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." 219 F. 3d. at 676.

> We think "question of law" as used in Section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to the question whether the party opposing summary judgment had raised a genuine issue of material fact.
>
> The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait until the end of the case. … But to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there … .

1  219 F. 3d. at 676-677.

The Appellants have not identified a question of controlling law. They have merely complained that, based on the facts they presented to the Bankruptcy Court (which were refuted with substantial evidence offered by the Appellee), their motions for summary judgment should have been granted.

An immediate appeal will not materially advance the litigation. The litigation in the Bankruptcy Court is set for trial on June 3, 2008, and is expected to conclude during that week. Although it is theoretically possible that an appeal could be expedited to have it fully briefed and decided before June 3, 2008, such immediate action is unlikely. A briefing order has not yet been issued. Even so, the term "materially advance" cannot possibly mean a week or two.

In similar circumstances, the Ninth Circuit Court of Appeals rejected a request for interlocutory appeal under Section 1292(b) in *Shurance v. Planning Control International, Inc.*, 839 F. 2d. 1347.

> We also find that to allow interlocutory appeal of this motion would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Indeed, an interlocutory appeal might well have the effect of delaying resolution of this litigation, for an appeal probably could not be completed before July, 1988, when trial is currently scheduled.

839 F. 3d. at 1348.

The Bankruptcy Court has set trial for just over month from now. An appeal will not advance the ultimate termination of the litigation.

III.   CONCLUSION

The purpose of Section 1292(b) will not be served by an interlocutory appeal of an order denying summary judgment. The Appellants failed to obtain certification by the Bankruptcy Court, failed to demonstrate the existence of a "controlling question of law," and failed to demonstrate that consideration of an interlocutory appeal will materially advance the litigation.

/ / /

/ / /

/ / /

5

The Appellants have failed to demonstrate why this Court ought to entertain an appeal of interlocutory orders denying their summary judgment motions.

DATED: April 29, 2008                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Charles P. Maher,
Counsel for Andrea A. Wirum, Appellee and
Successor-in-Interest to Charles E. Sims

301036978.1

1  Charles P. Maher, State Bar No. 124748
   Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5

6  Attorneys for Andrea A. Wirum,
   Successor-in-Interest to Charles E. Sims
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | In re RAMIN YEGANEH, | Bankruptcy Case No. 05-30047 TEC

12 | Debtor.

13 |

14 | CHARLES E. SIMS, Trustee, | District Court Case No. C-08-01399 CW

15 | Appellee,

16 | v.

17 | F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FARIN YEGANEH aka FRAN YEGANEH,

18 |

19 | Appellant.

20 | CHARLES E. SIMS, Trustee, | District Court Case No. C-08-01400 CW

21 | Appellee,

22 | v.

23 | COAST DEVELOPMENT TRUST and FARIN YEGANEH aka F. NAMDARAN aka

24 | FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | **CERTIFICATE OF SERVICE BY MAIL**

25 |

26 | Appellant.

27

28

| | |
|---|---|
| CHARLES E. SIMS, Trustee,<br><br>    Appellee,<br><br>v.<br><br>ADVANTA TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH,<br><br>    Appellant. | District Court Case No. C-08-01401 CW<br><br><br><br>**CERTIFICATE OF SERVICE BY MAIL** |

I, Nelly M. Quintanilla, declare that:

1.   I am employed in the City and County of San Francisco, California. My business address is 121 Spear Street, Ste. 200, San Francisco, California 94105. I am over the age of 18 years and not a party to the above-entitled action. I work in the office of a member of the bar of this Court, at whose direction the service was made.

2.   I am familiar with Luce, Forward, Hamilton & Scripps, LLP's, practice whereby each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day the mail is collected and deposited in a United States postal mailbox at or before the close of business each day.

3.   On this date, I served the following document:

**Appellee's Reply Memorandum in Support of Motion to Dismiss**

by placing a true copy thereof enclosed in a sealed envelope, postage thereon fully prepaid, in the designated area for outgoing mail at San Francisco, California, which envelopes were addressed to the following persons:

William E. Gilg, Esq.
305 San Bruno Avenue West
San Bruno, CA  94066

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on April 29, 2008, in San Francisco, California.

_____
Nelly M. Quintanilla

301037122.1